Filed 2/10/23 Mosher v. Warner Bros. Pictures CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| MICHAEL D. MOSHER,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>WARNER BROS. PICTURES et al.,<br><br>    Defendants and Respondents. | B312661<br><br>Los Angeles County<br>Super. Ct. No.<br>20STCV11096 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Stephen I. Goorvitch, Judge. Affirmed.

Michael D. Mosher, in pro.per.; Law Offices of Scott E. Schutzman and Scott E. Schutzman for Plaintiff and Appellant.

King & Spalding, Arwen R. Johnson and Laura Lively Babashoff for Defendants and Respondents.

————————————

Michael D. Mosher claims he wrote a novel he could not get published. He finished it sometime around 2001. Thereafter, Mosher asserts, he provided his manuscript to a relative—who is a well-known producer—and entered into an option agreement with her to make his novel into a movie. Mosher claims his story somehow got into the hands of several entities and an individual who turned it into a major movie, The Accountant (Warner Bros. Pictures 2016). These defendants are Warner Bros. Pictures, RatPac Dune Entertainment, LLC, Electric City Entertainment, Zero Gravity Management, and Bill Dubuque, among others. We refer to them collectively as Warner Brothers.

Mosher sued Warner Brothers in March 2020, claiming he was entitled to compensation for his contribution to the movie. He says he discovered the movie on a flight "[a]pproximately two years prior to the initial filing of this Complaint."

After the case made a quick trip to federal court, Mosher amended his complaint to assert a single cause of action for breach of implied contract.

Warner Brothers demurred on two bases: (1) Mosher's action was time-barred, and (2) he did not and could not state facts to satisfy several elements of his claim. The trial court sustained the demurrer without leave to amend on the first ground.

We affirm. Our review is independent. (*Cavey v. Tualla* (2021) 69 Cal.App.5th 310, 326 (*Cavey*).)

Litigants can raise the statute of limitations by demurrer. (*Cavey*, *supra*, 69 Cal.App.5th at pp. 325–326; see also *id.* at p. 326 [demurrer appropriate where lawsuit's untimeliness clearly and affirmatively appears on the complaint's face or from matters judicially noticed].)

The statute of limitations for an implied contract claim is two years. (Code Civ. Proc., § 339, subd. (1); *NBCUniversal Media, LLC v. Superior Court* (2014) 225 Cal.App.4th 1222, 1230 (*NBCUniversal*).) Claims like Mosher's accrue, at the latest, when the ideas are disclosed to the general public. (See *id.* at pp. 1227, 1234 [as a matter of law, plaintiffs' implied contract claim was complete "no later than the date of the initial broadcast" because that was when the marketability of plaintiffs' ideas for a ghost-hunter television show "was destroyed due to its disclosure to the public"]; see also *id.* at pp. 1229, fn. 3 & 1231.) In other words, the release date starts the clock. At this point, the basis for the claim is open and apparent.

The release date for The Accountant in the United States was October 14, 2016. The trial court judicially noticed this fact, and Mosher does not dispute it. This is when the statute of limitations period began to run. It ran out two years later in October 2018. Mosher's original complaint shows a filing date of March 20, 2020. His lawsuit is therefore time-barred.

Mosher argues his suit is timely because the discovery rule tolled the statute of limitations. *NBCUniversal* forecloses his argument. As that case and others have explained, courts typically apply the discovery rule in tort actions; some have extended the rule to contract actions involving fraud, a fiduciary relationship, or a hidden breach or injury. (See *NBCUniversal, supra,* 225 Cal.App.4th at pp. 1233–1234 & fns. 5, 7; see also, , *April Enterprises, Inc. v. KTTV* (1983) 147 Cal.App.3d 805, 828–832.) This is not such a case.

The nationwide release of The Accountant, plus Mosher's failure to assert he was prevented from viewing the movie, renders the discovery rule inapplicable. (See *NBCUniversal,*

3

*supra*, 225 Cal.App.4th at pp. 1227, 1234–1236 [discovery rule inapplicable where the challenged television show premiered on the Syfy channel more than two years before plaintiffs filed suit and plaintiffs did not assert they were prevented from viewing the program]; see also *id.* at p. 1234 ["the discovery rule does not operate to delay accrual of a cause of action 'beyond the point at which their factual basis became accessible to plaintiff to the same degree as it was accessible to every other member of the public.'"], *id.* at p. 1235 ["public disclosure to even a limited audience is sufficient to preclude a plaintiff from arguing that the breach and injury were secretive and difficult to detect"].)

*NBCUniversal* also explains why the date Mosher first saw The Accountant is irrelevant. (See *NBCUniversal, supra*, 225 Cal.App.4th at pp. 1234–1235.)

Mosher maintains *NBCUniversal* is distinguishable because that case ended at summary judgment, not demurrer. This is of no moment when the law forecloses Mosher's claim on undisputed facts. Mosher tellingly does not specify how he would replead to cure the defect here.

Mosher also argues a key fact distinguishes *NBCUniversal* from this case: the plaintiffs there discovered facts relating to their claim before the show's first broadcast, and he made no similar discovery here. This fact means the statute of limitations could have run earlier in *NBCUniversal*. (See *NBCUniversal, supra*, 225 Cal.App.4th at p. 1236, fn. 9.) It does not change the outcome here.

In light of our holding, we need not reach Mosher's other arguments regarding the discovery rule's elements. Nor do we address the parties' arguments regarding the merits of Mosher's cause of action.

## DISPOSITION

We affirm the judgment sustaining the demurrer without leave to amend and award costs to Warner Brothers.


WILEY, J.

We concur:


GRIMES, Acting P. J.


VIRAMONTES, J.

5